PEOPLE *v.* LANKTON.

INTOXICATING LIQUORS—LOCAL OPTION LAW—VALIDITY—CONSTITUTIONALITY.

> The local option law, Act No. 207, Pub. Acts 1889, as amended by Act No. 183, Pub. Acts 1899, and Act No. 170, Pub. Acts 1903 (2 Comp. Laws 1915, § 7093 *et seq.*), in so far as it provides that the sale of wine or cider from home-grown fruit in quantities of not less than five gal-

lons, and the sale at wholesale of wine or cider manufactured in a county to parties residing outside of the county may be made, is invalid under Art. iv, § 2, of the Federal Constitution, providing that the citizens of each State shall be entitled to all privileges and immunities of citizens in the several States, but the rest of the act is valid.

Exceptions before judgment from Eaton; Smith, J. Submitted June 15, 1917. (Docket No. 136.) Decided July 26, 1917.

C. M. Lankton was convicted of violating the local option law.  Affirmed.

*Rosslyn L. Sowers* (*L. H. McCall,* of counsel), for appellant.

*Harry H. Partlow,* Prosecuting Attorney, for the people.

FELLOWS, J.  The local option law was in force in Eaton county at the time respondent there sold to one Flory 10 gallons of hard cider manufactured by him. The sale is not disputed, but it is insisted that this court did not in the case of *People* v. *Eberle,* 167 Mich. 477 (133 N. W. 519), hold the entire provisions of the exceptions found in the acts of 1899 and 1903 invalid, and that respondent, notwithstanding the holding in that case, might sell fermented cider in quantities of not less than 5 gallons without being guilty of a violation of the local option law.

The local option law was passed in 1889 (Act No. 207, Pub. Acts 1889; 2 Comp. Laws 1915, § 7080 *et seq.*).  It continued in force without amendment until 1899 when by Act No. 183 certain amendments were adopted; section 15 having added to its proviso the following words:

"Nor prohibit the sale of wine or cider from home-grown fruit in quantities of not less than five gallons."

By Act No. 170 of the Public Acts of 1903 (2 Comp. Laws 1915, § 7093), there was added to the proviso of section 15, after the words just quoted, the following:

"Nor shall the provisions of this act be construed to prohibit the manufacture of wine or cider; nor shall the provisions of this act be construed to prohibit the sale at wholesale of wine or cider manufactured in said county to parties who reside outside of said county."

In the *Eberle Case* these provisions, and all of them, were assailed as offending section 2, art. 4, of the Federal Constitution, which provides:

"The citizens of each State shall be entitled to all privileges and immunities of citizens in the several States."

We there construed these provisions, these exemptions, and it was very clearly pointed out that they applied and applied only to the products of home-grown fruit, and, as so construed, this court held they were discriminatory, in conflict with the Federal Constitution, and void. But it was further held, that eliminating these invalid exemptions, the balance of the law was valid, workable, and capable of being administered independently of them. The case was taken to the Federal Supreme Court and there affirmed; *Eberle v. Michigan*, 232 U. S. 700 (34 Sup. Ct. 464). Mr. Justice Lamar, who delivered the opinion of that court, said:

"On the other hand, in the case at bar the original local option law of 1889 had been held to be constitutional as a whole, and its validity could not be impaired by the subsequent adoption of what were in form amendments but, in legal effect, were mere nullities."

A perusal of the opinion of this court and that of the United States Supreme Court clearly demonstrate

that in the *Eberle Case* the exemptions mentioned and here invoked were held to be void, nullities, and of no more force than as though they had never been passed, and the balance of the act valid. Unless we overrule the *Eberle Case* this conviction must be affirmed. We are not inclined so to do; it was correctly decided.

The conviction is affirmed, and the case remanded for sentence.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred.